IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**UNITED STATES OF AMERICA**

v.                                                          No. 3:12-cr-00438-MO-1

**LAWRENCE ORLANDO LEE,**

Defendant.                                OPINION AND ORDER

**MOSMAN, J.,**

This case comes before me on Defendant Lawrence Orlando Lee's Motion to Reduce Sentence [ECF 55]. Specifically, Mr. Lee moves the court for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Mot. to Reduce Sentence [ECF 55]. In a minute order, I DENIED Mr. Lee's motion. [ECF 62]. I write further here to explain why.

### DISCUSSION

Compassionate release is a statutory exception to the rule that a court may not modify a term of imprisonment once it has been imposed. 18 U.S.C. § 3582(c). Upon a proper motion, the court may reduce a term of imprisonment if, after considering applicable factors set forth in § 3553(a), the court finds that "extraordinary and compelling reasons warrant such a reduction" and the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). A defendant must exhaust administrative remedies

1 – OPINION AND ORDER

before moving the court for compassionate release. *Id.* The Government concedes that Mr. Lee has exhausted his administrative remedies. Resp. [ECF 61] at 3.

Mr. Lee suffers from diabetes and obesity. The Government concedes that Mr. Lee's health conditions "increase his risk from COVID and as a result, would be considered extraordinary and compelling." *Id.* I agree.

However, I must also consider applicable factors under 18 U.S.C. § 3553(a) to determine whether a sentence reduction is warranted. Among other considerations, I must consider the need for the sentence "to promote respect for the law," "to provide just punishment for the offense," and "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(A)–(C).

Mr. Lee is serving a 180-month sentence for possession with intent to distribute methamphetamine. J. & Commitment [ECF 52] at 1–2. He is incarcerated at Danbury FCI and is not set to be released until June 3, 2025. I commend Mr. Lee for the progress he has made since his conviction. *See* Mot. to Reduce Sentence [ECF 55] Ex. E–F. But he has served barely more than half his sentence. Considering the nature of the crime and the low percentage of time served, I find the applicable factors set forth in § 3553(a) to weigh heavily against granting Mr. Lee's request for compassionate release.

## CONCLUSION

For the foregoing reasons, I DENY Mr. Lee's Motion to Reduce Sentence [ECF 55].

IT IS SO ORDERED.

DATED this ⟶27⟵ day of January, 2021.

MICHAEL W. MOSMAN
United States District Judge